UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JEFFREY STEVENS,

        Plaintiff

        17 Civ.

    v.

        JURY TRIAL REQUESTED

METRO-NORTH COMMUTER RAILROAD,

        Defendant
-----------------------------------------------------------------------X

## COMPLAINT

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

### THE PARTIES

1.    The plaintiff is a resident of the State of New York, County of Orange, and City of Walden.

2.    The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New York.

3.    Prior to January 17, 2015, and at all times hereinafter mentioned, the defendant employed the plaintiff as a third railman under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4.    Prior to January 17, 2015 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the Park Avenue Tunnel near 72nd Street, New York, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5.    During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

## JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On January 17, 2015, the plaintiff was working as a third railman at the direction and training of defendant, when plaintiff was engaged in the task of removing third rail bracket channels and carrying them across to the opposite side of track as part of staging, he stepped over track rail and his right leg fell into a low area of ballast between two railroad ties approximately knee deep injuring his back.

11. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

12. Plaintiff's injuries include, but are not limited to, a large herniated disc at L4-L5.

## COUNT I
### Violation of FELA

13. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

14. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

15.     On or about January 17, 2015, while the plaintiff, an employee of the defendant, was in the performance of his duties as a third railman in the Park Avenue Tunnel near 72nd Street, New York, New York, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

   a. in failing to provide plaintiff with a reasonably safe place to work;

   b. in failing to provide adequate lighting;

   c. in failing to maintain ballast to defendant's own track standards;

   d. in failing to inspect plaintiff's work area;

   e. in failing to warn plaintiff of the defects in the work area it assigned him to;

   f. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

16.     The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

17.     The plaintiff was damaged thereby in the sum of $500,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; together with the costs and disbursements of this action.

Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com